UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEAN SCOTT,<br><br>             Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>             Defendants. | CASE NO. C12-1622 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE QUIET TITLE |

THIS MATTER comes before the Court on Plaintiff's motion for partial summary judgment quieting title to his property. (Dkt. No. 9.) Having reviewed the motion, Defendant's response (Dkt. No. 12), Plaintiff's reply (Dkt. No. 14), and all related documents, the Court DENIES Plaintiff's motion and STAYS this case.

**Background**

This case involves a dispute over the accuracy and validity of a Deed of Trust recorded April 4, 2008, and executed by Dean D. Scott, Plaintiff's son, and his wife Shirley Scott. (Dkt. No. 9 at 2.)

ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE QUIET
TITLE- 1

1       Plaintiff Dean Scott resides at 18804 NE 116th St, Redmond, Washington, 98052. (Id.)

2  This property's King County Tax Parcel Identification Number is 727310-0065. (Id. at 1.)

3  Plaintiff's son Dean D. Scott lived with his wife next door at 18728 NE 116th St, Redmond,

4  WA, 98052, Tax Parcel ID # 727310-0067. (Id. at 2.) Plaintiff and his son's property share a

5  common boundary line. (Id.)

6       On February 28, 2008, Plaintiff's son and Shirley Scott obtained a mortgage loan from

7  lender Countrywide Bank, FSB. (Dkt. No. 10-1 at 1.) First American Title Company, as the

8  closing agent, recorded the Deed of Trust in King County, Washington on April 4, 2008. (Id. at

9  1-2.) This Deed of Trust identifies the property subject to the loan as King County Tax Parcel

10 #727310-0067, Plaintiff's son's property, but the legal description points to the neighboring land,

11 Plaintiff's property. (Dkt. No. 10-1.)

12      On July 1, 2008, Defendant Bank of America acquired Countrywide. (Dkt. No. 9 at 3.)

13 Plaintiff's son, Dean D. Scott, died on July 17, 2010, and is survived by his wife, Shirley Scott.

14 (Id.) In March 2012, Plaintiff contacted U.S. Bank to refinance a mortgage on his property. (Id.)

15 U.S. Bank informed Plaintiff he could not refinance because the Deed of Trust executed by his

16 son overly encumbers his property. (Id.) Meanwhile, Shirley Scott filed a Chapter 7 Petition

17 with the Bankruptcy Court on April 16, 2012. (Dkt. No. 12 at 2.)

18      Plaintiff contacted Defendant in June 2012 to correct the legal description in the Deed of

19 Trust, but Defendant failed to respond or take corrective action. (Dkt. No. 9 at 3.) Plaintiff

20 wrote Defendant again in July and August of the same year, but Defendant failed to respond.

21 (Id.) On August 21, 2012, Plaintiff brought this action in King County Superior Court to force

22 Defendant to correct the legal description within the Deed of Trust. (Dkt. No. 1 at 1-2.)

23 Defendant successfully removed the action to this Court. (Dkt. No. 2.) On February 25, 2013,

24

ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE QUIET
TITLE- 2

the Chapter 7 Trustee commenced an adversary action to determine the validity of the Deed of Trust. (Dkt. No. 12 at 2.) The Trustee alleges Plaintiff's property is part of the bankruptcy estate of Shirley Scott. (Dkt. No. 12 at 3.)

Plaintiff now moves for partial summary judgment quieting title to his home at 18804 NE 116th, Redmond, WA, Tax Parcel ID #727310-0065. Defendant claims Plaintiff's action is stayed as a result of the pending Bankruptcy action under 11 U.S.C. §§ 362(a)(1)-(2). Alternatively, Defendant requests the Court deny Plaintiff's motion or postpone consideration of the motion because material facts are unavailable to the Defendant under Fed. R. Civ. P. 56(d).

**Discussion**

§ 362 Automatic Stay

Plaintiff argues an automatic stay under 11 U.S.C. § 362 is not appropriate because his property is not part of the bankruptcy estate. (Dkt. No. 14 at 5.) Defendant claims Shirley Scott's filing of a Chapter 7 petition automatically stays the litigation in this Court under 11 U.S.C. § 362(a) because the Chapter 7 trustee has filed an adversary suit challenging the validity of the Deed of Trust. (Dkt. 12 at 3.)

When a debtor files a bankruptcy petition, it triggers an automatic stay that prohibits "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy action. 11 U.S.C. § 362(a)(1). The § 362 stay is designed to be broad in scope to shield the debtor and property of the estate. See In re Stringer, 847 F.2d 549, 552 (9th Cir. 1988). "[E]verything that happens in a nonbankruptcy forum with respect to the cause of action that is property of the estate without the knowledge of the trustee, including dismissal or

1  imposition of judicial estoppel, is void ab initio." <u>Cheng v. K&S Diversified Invs., Inc.</u>, 308
2  B.R. 448, 461 (B.A.P. 9th Cir. 2004).

3  Here, the § 362 automatic stay binds this Court because the Chapter 7 trustee challenges
4  the validity of the Deed of Trust, and argues Plaintiff's property is part of the bankruptcy estate.
5  (Dkt. No. 12 at 3.)  Correcting the allegedly erroneous cloud on Plaintiff's property would
6  require revising the Deed of Trust currently subject to an adverse action by the Chapter 7 trustee.
7  (<u>Id.</u>)  Further, continuation of this action potentially imposes a debt of $325,000 on the
8  bankruptcy estate.  <u>In re Bialac</u>, 712 F.2d 426, 431 (9th Cir. 1983) (finding the § 362 prevents
9  parties from proceeding in an action that affects the debtor's property interest); (Dkt. No. 10-1.)
10 Therefore, the § 362 automatic stay applies and the Court DENIES Plaintiff's motion.

## Conclusion

12 Because a pending bankruptcy proceeding stays this action, the Court DENIES partial
13 summary judgment in favor of Plaintiff.  The case is STAYED pending resolution of the
14 bankruptcy proceeding with respect to the Deed of Trust at issue.  The Court calls for a report
15 from the parties in six (6) months or within ten (10) days of the resolution of the bankruptcy
16 case.

17 Dated this 17th day of April, 2013.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE QUIET
TITLE- 4